**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHITECTURAL BUSSTRUT CORP. | ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| WANGS ALLIANCE CORP. dba WAC LIGHTING CO. | ) ) | **JURY DEMAND ENDORSED** |
| | ) | **HEREON** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Architectural busSTRUT Corporation (hereinafter "Plaintiff" or

"busSTRUT Corp."), by and through counsel, for its Complaint against Defendant Wangs

Alliance Corp., dba WAC Lighting Co. (hereinafter "WAC"), alleges as follows:

## NATURE OF ACTION

1.      This is an action for willful infringement of Plaintiff's federally registered

**busSTRUT** trademark and common law trademark rights, for unfair competition, for

violation of Ohio's Deceptive Trade Practices Act, and for common law unfair competition

by WAC. Plaintiff seeks monetary damages and permanent injunctive relief against WAC

for its actions related to the unauthorized use of the mark **STRUT** in connection with the

manufacture, distribution, marketing, and sale of lighting fixtures as well as electrical

connectors, mounting hardware, and other hardware related thereto. For example, the

federally registered word mark **busSTRUT** is owned by busSTRUT Corp. and has been

used by busSTRUT Corp. for over sixteen years in connection with the sale of lighting

fixtures as well as electrical connectors, busways, mounting hardware, and other related hardware. Despite having knowledge of busSTRUT Corp.'s trademarks, WAC is using its confusingly similar **STRUT** mark in connection with the marketing and sale of lighting fixtures and related hardware in Ohio and elsewhere in the United States, in direct competition with busSTRUT Corp. busSTRUT Corp. has been and is likely to continue to be injured by WAC's trademark infringement and unfair competition unless and until WAC is enjoined from using its **STRUT** mark.

## PARTIES

2.      busSTRUT Corp. is a corporation organized under the laws of the State of Delaware, with its corporate headquarters in Columbus, Ohio. busSTRUT Corp. designs, develops, manufactures, markets, and sells, among other things, premium quality commercial lighting fixtures, electrical connectors, electrical busway systems, mounting hardware, and other hardware related thereto. busSTRUT Corp.'s lighting fixtures and other products are all marketed and sold under its busSTRUT brand, including its federally registered **busSTRUT** word mark and its common law trademark comprising a stylized version of the **busSTRUT** mark. busSTRUT Corp. has used its **busSTRUT** mark on and in connection with its products since at least 2006.

3.      WAC is a corporation organized under the laws of the State of New York with its principal place of business in Port Washington, New York. WAC manufactures, markets, offers for sale, sells, and distributes lighting fixtures and associated hardware to customers and potential customers in Ohio and throughout the United States. Despite having actual knowledge of Plaintiff's federally registered **busSTRUT** mark, WAC began using the infringing **STRUT** mark in or about the fall of 2020 in connection with the marketing,

offering for sale, and sale of lighting fixtures and related hardware. WAC markets and promotes its **STRUT** branded products on its website at www.waclighting.com (the "WAC Website"), and markets, advertises, offers for sale, sells, and distributes lighting fixtures and related hardware under its **STRUT** mark to customers and potential customers in Ohio and elsewhere in the United States.

## <u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over Counts I, II, and III, which are for federal trademark infringement, common law trademark infringement, and unfair competition claims under the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a), pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

5.      This Court has personal jurisdiction over WAC under Ohio Revised Code § 2307.382 because, among other things, on information and belief, WAC transacts business in Ohio, contracts to supply goods in Ohio, has contracted with distributors in Ohio and in this District for the marketing, distribution, offer for sale, and sale of the products at issue, and has caused tortious injury in Ohio by its acts in and outside of Ohio. By offering, selling, and distributing its infringing products in Ohio and this District, WAC purposefully directs activities in this District that relate to and give rise to the claims alleged herein.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Local Rule 82.1 because a substantial part of the events giving rise to busSTRUT Corp.'s claims arose in Ohio, including in this District.

## FACTUAL BACKGROUND

**Plaintiff and its Trademarks**

7.      Founded in 2004 in New Albany, Ohio, busSTRUT Corp. has been family-owned and operated since its inception. Throughout its history, busSTRUT Corp. has developed and maintained a national reputation for high quality products and integrity.

8.      busSTRUT Corp. designs, develops, manufactures, markets, and sells premium quality commercial lighting fixtures, as well as electrical connectors, electrical busways, mounting hardware for use with electrical busways, and other hardware related to the foregoing ("busSTRUT Products"). busSTRUT Corp. markets and sells these products for use in commercial spaces, including, for example, supermarkets, retail stores, universities, restaurants, commercial office buildings, and convenience stores. busSTRUT Corp. sells its products directly, as well as through third party distributors.

9.      busSTRUT Corp. developed a unique brand to market and sell its Products, and that brand has acquired distinctiveness. The mark **busSTRUT** is busSTRUT Corp.'s flagship brand, and has been used by busSTRUT Corp. on and in connection with its lighting fixtures and related products since at least 2006, throughout the United States. All of busSTRUT Corp.'s products are marketed and sold under its **busSTRUT** brand.

10.      In addition to busSTRUT Corp.'s common law rights based on its longstanding and continuous use of the **busSTRUT** mark since at least 2006 in interstate commerce in the United States, the **busSTRUT** Word Mark is also the subject of U.S. Federal Trademark Registration No. 5,906,459, registered on November 12, 2019:

| Registered Trademark | Registration No. and Date | Goods |
|---|---|---|
| **busSTRUT** | 5906459<br><br>November 12, 2019 | Class 9:<br>Electrical connectors; electrical busways; electrical busway mounting hardware in the nature of mounts specifically adapted for electrical busways<br><br>Class 11:<br>Lighting fixtures |

11.     A true and accurate copy of the above-referenced trademark registration is attached as Exhibit 1 and incorporated herein by reference. This trademark registration is valid, in good standing, and in full force and effect.

12.     The **busSTRUT** Word Mark has acquired distinctiveness in the marketplace. busSTRUT Corp.'s federal trademark registration for the **busSTRUT** Word Mark is *prima facie* evidence of the validity of this registered trademark, busSTRUT Corp.'s ownership of this trademark, and busSTRUT Corp.'s exclusive right to use this trademark on and in connection with the goods specified in the registration. busSTRUT Corp. has a presumption of the exclusive, nationwide right to use the **busSTRUT** Word Mark dating to November 12, 2019, the date the U.S. Patent and Trademark Office ("USPTO") issued Registration No. 5,906,459 for the **busSTRUT** Word Mark.

13.     busSTRUT Corp. also owns common law trademark rights in a stylized version of its **busSTRUT** mark. The design of this mark generally consists of the word **busSTRUT** in stylized lettering where portions of the "b", "s", "S", and "R" are broken letters, with "bus" in lowercase letters and "STRUT" in uppercase letters:

# busSTRUT

14.     The stylized version of the **busSTRUT** mark shown above ("the **busSTRUT** Logo") was developed in 2018 to freshen the **busSTRUT** brand. The **busSTRUT** Logo first adopted and used by busSTRUT Corp. in connection with the busSTRUT Products at least as early as 2019, and has been used continuously in interstate commerce throughout the United States since then. The **busSTRUT** Word Mark and **busSTRUT** Logo are referred to herein collectively as the **busSTRUT** Trademarks.

15.     busSTRUT Corp. has continuously used one or more of the **busSTRUT** Trademarks in connection with the marketing and sale of busSTRUT Products for over 16 years, throughout the United States (including in Ohio). For example, busSTRUT Corp. has used the **busSTRUT** Word Mark in commerce throughout the United States continuously since at least 2006 in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and sale of the busSTRUT Products.

16.     busSTRUT Corp. uses its **busSTRUT** Trademarks in the promotion, marketing, labeling, packaging, offering for sale, and sale of the busSTRUT Products. The **busSTRUT** Trademarks are displayed prominently on the busSTRUT Products themselves, as well as on packaging for the busSTRUT Products (including the **busSTRUT** Logo):

6



17.     busSTRUT Corp. has advertised and promoted the busSTRUT Products on the busSTRUT Website using the **busSTRUT** mark since at least 2006, with the **busSTRUT** Trademarks (including the **busSTRUT** logo since at least 2019) displayed prominently on every page of the busSTRUT Website.

18.     busSTRUT Corp. also uses the **busSTRUT** Trademarks in a variety of other ways common in the industry to market, promote, offer for sale, and sell the busSTRUT Products throughout the United States (including Ohio). This includes, for example, mass mailings to large end-user retailers and other owners and operators of commercial spaces (e.g., restaurants and commercial offices), as well as to specifying tradesmen including architects and electrical and mechanical engineers.

19.     busSTRUT Corp. has expended substantial time, money, and resources marketing, advertising, and promoting the busSTRUT Products sold under the distinctive **busSTRUT** Trademarks in Ohio and throughout the United States in a variety of different forms and media. As part of its substantial marketing, promotional, and advertising under the **busSTRUT** Trademarks, busSTRUT Corp. has invested in an in-house product

development and marketing team who is responsible for promoting the **busSTRUT** Trademarks and busSTRUT Products.

20.     As a result of the above efforts, the **busSTRUT** Trademarks have acquired distinctiveness in the marketplace, and customers and potential customers associate the **busSTRUT** Trademarks with busSTRUT Corp. as a source of high quality lighting fixtures, as well as electrical connectors, busways, mounting hardware, and other related hardware. busSTRUT Corp.'s customers and potential customers also typically know and refer to busSTRUT Corp. by the name busSTRUT.

21.     Over the last sixteen years, busSTRUT Corp. has generated more than a hundred millions of dollars in sales in the United States for busSTRUT Products under the **busSTRUT** Trademarks, including lighting fixtures and electrical and mechanical hardware.

22.     busSTRUT Corp. vigilantly protects all of its intellectual property rights, including the **busSTRUT** Trademarks, against actual and potential infringers.

23.     As a result of busSTRUT Corp.'s longstanding, continuous, widespread, and exclusive use of the distinctive **busSTRUT** Trademarks in connection with the promotion and sale of the busSTRUT Products, publicity for the **busSTRUT** Trademarks through print and on-line materials, the recognition of the **busSTRUT** Trademarks throughout the United States, and the other efforts of busSTRUT Corp. noted above, busSTRUT Corp. owns valuable, valid and subsisting federal statutory and common law rights in and to the **busSTRUT** Trademarks.

**WAC's STRUT Mark Infringes the busSTRUT Trademarks**

24.     WAC offers, sells, and distributes, among other things, commercial lighting fixtures as well as electrical connectors, mounting hardware, and other hardware related thereto in the United States.

25.     WAC is a direct competitor of busSTRUT Corp. in the manufacture, distribution, promotion, and sale of commercial lighting fixtures and associated hardware in Ohio and throughout the United States, particularly for use in commercial spaces – the same market as busSTRUT Corp.

26.     WAC manufactures, markets, promotes, advertises, distributes, imports, offers for sale, and sells lighting fixtures, electrical connectors, mounting hardware, and other hardware related thereto, in Ohio and throughout the United States, using the mark **STRUT**, including in the stylized form shown below (collectively, "the Infringing Marks"):

# STRUT

As seen above, in addition to incorporating the heart of the **busSTRUT** Trademarks (the all capitalized "STRUT" portion) in the Infringing Marks, WAC's stylized version of **STRUT** uses the same design motif of the **busSTRUT** Logo – the word "STRUT" in all capital letters, in a font similar to that of the **busSTRUT** Logo, where portions of some of the letters are broken. The Infringing Marks are confusing similar to the **busSTRUT** Trademarks.

27.     Because of busSTRUT Corp.'s widespread, longstanding, and successful use of the **busSTRUT** Trademarks to sell busSTRUT Products and the federal registration for

the **busSTRUT** Mark, on information and belief WAC had actual knowledge of the **busSTRUT** Trademarks prior to its adoption and use of its **STRUT** mark.

28.     After busSTRUT Corp. acquired exclusive rights in the **busSTRUT** Trademarks, and despite WAC's knowledge of the **busSTRUT** Trademarks, WAC adopted, began using and is still using the Infringing Marks to manufacture, market, promote, advertise, distribute, import, offer for sale, and sell lighting fixtures as well as electrical connectors, mounting hardware, and other hardware related thereto, in Ohio and throughout the United States. WAC is using the Infringing Marks without busSTRUT Corp.'s authorization and in blatant disregard of busSTRUT Corp.'s rights in the **busSTRUT** Trademarks.

29.     On May 12, 2020, WAC filed an application with the USPTO seeking to register the mark "STRUT" discussed above for lighting fixtures. On or about July 29, 2020, the USPTO issued an office action rejecting WAC's application to register the **STRUT** mark due to a likelihood of confusion with Plaintiff's **busSTRUT** Word Mark. On information and belief, this office action was issued prior to WAC's first sale of products under the **STRUT** mark. Thus, prior to launching its **STRUT** branded products, WAC had actual notice of Plaintiff's registered **busSTRUT** Word Mark and that the USPTO deemed the **STRUT** mark to be confusing similar to the **busSTRUT** Word Mark.

30.     On or about February 18, 2021, the USPTO issued a final action refusing to register the mark "STRUT". The USPTO refused to register this mark because it found that there was a likelihood of confusion between WAC's mark **STRUT** and the **busSTRUT** Mark. WAC did not appeal this rejection, and instead proceeded with using the Infringing Marks with full knowledge of busSTRUT Co.'s prior rights**.**

10

31.     WAC is using the Infringing Marks to offer, sell, and distribute lighting fixtures as well as electrical connectors, mounting hardware (e.g., track lighting systems), and other hardware related thereto to the same customers and potential customers (e.g., to commercial spaces such as retailers, restaurants, and commercial office spaces) in Ohio and throughout the United States as busSTRUT Corp., in the same or similar channels of trade.

32.     WAC advertises lighting fixtures and track lighting systems through the WAC Website. Visitors to the WAC Website can research information about WAC's **STRUT** branded lighting fixtures and track systems and components, including viewing images and specification information of over several dozen **STRUT** products (e.g., **STRUT** Recessed Trim Channel, **STRUT** Cable Suspension, **STRUT** Channel Cover, **STRUT** Trig Adapter, **STRUT** Multi Stealth Downlights, **STRUT** Remote CPU, etc.). Visitors to the WAC Website can also make inquiries to WAC for this **STRUT** brand by filling out the contact form available on the WAC Website, calling WAC, visiting online retailers to purchase WAC's products (e.g., build.com, Lighting New York, and Lumens), sending correspondence to WAC's global headquarters office at 44 Harbor Park Drive, Port Washington, New York (or either of WAC's other offices in California or Georgia), or contacting or visiting any of WAC's distributors as listed on the WAC website, including nine (9) distributors located throughout the state of Ohio.

33.     WAC has copied a number of elements from the **busSTRUT** Trademarks in its Infringing Marks. For example, WAC has incorporated the heart of busSTRUT Corp.'s **busSTRUT** Trademarks into the Infringing Marks. In addition, not only does the **STRUT** logo incorporate the dominant portion of the **busSTRUT** Word Mark into its design, it also includes the same design motif as the **busSTRUT** Logo.

34.    On information and belief, WAC intentionally adopted and is using the Infringing Marks knowing that the Infringing Marks would mislead and deceive customers into believing that WAC's commercial lighting fixtures, electrical connectors, mounting hardware, and other hardware related thereto were produced, authorized, or licensed by busSTRUT Corp., or that its lighting fixtures and related products originated from busSTRUT Corp.

35.    By choosing to adopt and use the Infringing Marks, WAC is competing unfairly against busSTRUT Corp. WAC seeks to confuse customers and trade on the reputation and goodwill that busSTRUT Corp. has developed through years of successful promotion of the **busSTRUT** Trademarks in association with the busSTRUT Products.

36.    WAC's adoption and use of the Infringing Marks are likely to cause confusion, mistake and deception among customers as to the source or origin of WAC's lighting fixtures and other goods, and are likely to deceive customers into mistakenly believing that WAC's products originate from, are associated with, are affiliated with, or are otherwise sponsored or approved by busSTRUT Corp.

37.    WAC benefits from this customer confusion, as its lesser-known and inferior products reap undeserved recognition from being associated with busSTRUT Corp.'s longstanding products, and busSTRUT Corp. and the goodwill symbolized by its **busSTRUT** Trademarks are harmed by this confusion.

38.    WAC could have chosen to use a different mark that does not trade off the reputation and goodwill associated with the **busSTRUT** Trademarks. For example, WAC sells other lighting track systems under the marks "WAC," "WAC LIMITED" and "WAC LANDSCAPE." WAC was free to adopt these marks or other marks, but it did not. Also

conspicuous is that WAC chose to use the **STRUT** mark in all capital letters, like the

**busSTRUT** Trademarks. On information and belief, WAC does not use this format for its

other product marks.

39.    WAC also markets and promotes its STRUT branded products in a manner

further likely to cause confusion with respect to busSTRUT Corp.'s Products and the

**busSTRUT** Trademarks, For example, the images below are from WAC's "2023 STRUT

Catalog," made available to potential customers through the WAC Website

(waclighting.com).





40.     The 2023 STRUT Catalog, as seen above, includes statements that "WAC STRUT" is "The only lighting, power and control system complete with lighting elements" and that the STRUT products "can be configured for "retail, restaurant, commercial office, or residential lighting." The catalog further includes the statement that the STRUT products include an "uninterrupted busway" allowing for "elements to be installed anywhere inside STRUT channels." The catalog also includes the statement that the STRUT products include "black copper busways for power and communications." These statements are deceptive, and demonstrate that WAC is intentionally seeking to associate its **STRUT** branded products with busSTRUT's Products.

41.     The National Electric Code® (the "NEC") is published by the National Fire Protection Association ("NFPA"), has been adopted in all 50 states, and defines electrical standards for products such as lighting fixtures and hardware – including the busSTRUT Products and WAC's **STRUT** branded products.

42.     Upon information and belief, while WAC's **STRUT** branded products include metal channels having conductors for supplying electricity to light fixtures mounted thereto, WAC's **STRUT** branded products do not include "busways" as defined by the NEC and Underwriters Laboratories ("UL").[1] Instead, WAC's **STRUT** branded products are track lighting systems.[2]

43.     The NEC dictates that lighting track can only be used with lighting track fittings, and cannot be used for general power supply (i.e., to power devices other than

---

[1] Underwriters Laboratories ("UL") is a nationally recognized independent product safety certification organization. Among other things, UL certifies products as meeting various standards.
[2] UL Standard, Track Lighting Systems, Standard 1574, Ed. 3 (September 07, 2004). *See, Standard 1574, Section 1.4A*, "These requirements to not cover: a) Busways intended for lighting, receptacles, or other general-purpose adaptors covered by the Standard for Busways, UL 857, and intended for use in accordance with Article 364 of the National Electric Code, NFPA 70."

14

lighting fixtures).[3] WAC's **STRUT** branded products are UL listed as lighting track systems. Therefore, pursuant to the NEC, WAC's **STRUT** lighting track systems cannot be used with general-purpose electrical receptacles or to otherwise power anything other than light fixtures.

44.     Unlike WAC's **STRUT** branded products, the busSTRUT Products include UL-listed busways.[4] As such, under the NEC, the **busSTRUT** busways can be used to distribute power for general use (e.g., for floor fixtures) as well as for lighting purposes. This feature of the busSTRUT Products is prominently promoted on the busSTRUT Website, such as depicted below.



45.     WAC's **STRUT** branded products can only be used as track lighting systems and not for supplying power. Nevertheless, WAC falsely and deceptively markets these products as "[t]he only lighting, power and control system complete with lighting elements" and that the STRUT products include "black copper busways for power and communications." These statements falsely and deceptively portray WAC's **STRUT** branded products as capable of being used for purposes other than track lighting, such as to supply power to components other than light fixtures.

---

[3] 2023 NFPA 70, Ch. 4, Article 410, Section 410.150 (2023). *See (A) Lighting Track,* "Only lighting track fittings shall be installed on lighting track. Lighting track fittings shall not be equipped with general-

46. On information and belief, WAC's false portrayal of its **STRUT** branded track lighting systems as capable of supplying power to components other than "lighting elements" is an attempt to further associate the STRUT products with those of Plaintiff and trade off of Plaintiff's goodwill represented by the **busSTRUT** Trademarks.

47. While WAC's **STRUT** branded products are not approved for supplying power to components other than light fixtures, these products are still directly competitive with busSTRUT's Products. For example, purchasers of busSTRUT Products oftentimes use those products only for lighting purposes (i.e., not to supply power to components other than lights). Trademark infringement cannot be negated simply by using an infringing mark to sell inferior products.

---

purpose receptacles."

[4] UL Standard, Busways, Standard 857, Ed. 13 (March 25, 2009).

## COUNT I
## Trademark Infringement in Violation of 15 U.S.C. § 1114

48.     BusSTRUT Corp. incorporates the allegations set forth above as if fully rewritten herein.

49.     BusSTRUT Corp. owns a valid and enforceable federal registration for the **busSTRUT** Word Mark.

50.     WAC has infringed and will continue to infringe the registered **busSTRUT** Word Mark by intentionally copying and incorporating elements of that mark into its Infringing Marks.

51.     WAC's use of its Infringing Marks is without busSTRUT Corp.'s consent or authority and began after the date of busSTRUT Corp.'s first use of the registered **busSTRUT** Word Mark.

52.     WAC adopted and is using its Infringing Marks with actual and constructive knowledge of busSTRUT Corp.'s prior rights in the registered **busSTRUT** Word Mark.

53.     WAC's use of the Infringing Marks creates a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of WAC's goods. WAC's use of the Infringing Marks is likely to induce customers to believe, contrary to fact, that WAC's goods are affiliated, sponsored, sold, approved by, or connected with busSTRUT Corp.

54.     WAC's acts have been and are being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with busSTRUT Corp. and the registered **busSTRUT** Word Mark and have damaged and impaired that part of busSTRUT Corp.'s goodwill symbolized by the registered **busSTRUT** Word Mark to busSTRUT Corp.'s immediate and irreparable harm.

55.     WAC's use of its Infringing Marks constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56.     As a direct and proximate result of WAC's acts of trademark infringement, busSTRUT Corp. has been and is continuing to be damaged. busSTRUT Corp. is therefore entitled to recover WAC's profits pursuant to 15 U.S.C. § 1117(a)(1).

57.     WAC's violations of 15 U.S.C. § 1114 are intentional and willful, and entitle busSTRUT Corp. to recover from WAC three times the amount of WAC's profits awarded pursuant to 15 U.S.C. § 1117(a)(1).

58.     This is an exceptional case entitling busSTRUT Corp. to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

59.     WAC's acts of trademark infringement also have caused damage to busSTRUT Corp.'s business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the registered **busSTRUT** Word Mark for which there is no adequate remedy at law. Accordingly, busSTRUT Corp. is entitled to preliminary and permanent injunctive relief prohibiting WAC from using the Infringing Marks.

## COUNT II
## Common Law Trademark Infringement in Violation of 15 U.S.C. § 1125(a)

60.     BusSTRUT Corp. incorporates the allegations set forth above as if fully rewritten herein.

61.     BusSTRUT Corp. has common law rights to its **busSTRUT** Trademarks, including the **busSTRUT** Logo in connection with its sale of lighting fixtures and busway systems and components to customers throughout the United States, including in Ohio.

62.     WAC has used in commerce, without license or permission from busSTRUT Corp., the Infringing Marks for goods identical to, overlapping with, or closely related to the busSTRUT Products.

63.     WAC has infringed busSTRUT Corp.'s **busSTRUT** Trademarks and created a false designation of origin by using the Infringing Marks.

64.     On information and belief, the unauthorized use by WAC of the Infringing Marks was with the intent to unfairly compete against busSTRUT Corp., to trade upon busSTRUT Corp.'s reputation and goodwill by causing confusion and mistakes among customers and to deceive customers into believing that WAC's products are associated with and/or sponsored by or approved by busSTRUT Corp., when they are not.

65.     WAC's use of the Infringing Marks, which includes the heart of the **busSTRUT** Trademarks and the same design motif as the **busSTRUT** Logo, for WAC's own competing and related goods to the busSTRUT Products, is likely to cause the public to mistakenly believe that WAC's goods originate from, are endorsed by, or any in some way affiliated with busSTRUT Corp. and thus constitute common law trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     WAC has actual and constructive knowledge of busSTRUT Corp.'s ownership and prior use of the **busSTRUT** Trademarks and, without consent, has willfully violated 15 U.S.C. § 1125(a).

67.     WAC's use of its Infringing Marks constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     As a direct and proximate result of WAC's acts of common law trademark infringement, busSTRUT Corp. is entitled to recover WAC's profits pursuant to 15 U.S.C. § 1117(a)(1).

69.     WAC's violations of 15 U.S.C. § 1125(a) are intentional and willful, and entitle busSTRUT Corp. to recover from WAC three times the amount of WAC's profits awarded pursuant to 15 U.S.C. § 1117(a)(1).

70.     This is an exceptional case entitling busSTRUT Corp. to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

71.     WAC's acts of common law trademark infringement also have caused damage to busSTRUT Corp.'s business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the **busSTRUT** Trademarks for which there is no adequate remedy at law. Accordingly, busSTRUT Corp. is entitled to preliminary and permanent injunctive relief prohibiting WAC from using the Infringing Marks.

### COUNT III
### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

72.     BusSTRUT Corp. incorporates the allegations set forth above as if fully rewritten herein.

73.     WAC has infringed and will continue to infringe the **busSTRUT** Trademarks by intentionally copying and incorporating elements of those marks into its Infringing Marks—marks that are confusingly similar to the **busSTRUT** Trademarks.

74. WAC's use of its Infringing Marks is without busSTRUT Corp.'s consent or authority and began after the date of busSTRUT Corp.'s first use of the **busSTRUT** Trademarks.

75. WAC adopted and is using its Infringing Marks with actual and constructive knowledge of busSTRUT Corp.'s prior rights in the **busSTRUT** Trademarks.

76. WAC's use of the Infringing Marks, including the manner of use and associated marketing materials, is likely to cause confusion, mistake, and deception as to the source, origin, approval, or sponsorship of WAC's goods. WAC's use of the Infringing Marks is likely to induce customers to believe, contrary to fact, that WAC's goods are affiliated, sponsored, sold, approved by, manufactured by or connected with busSTRUT Corp. WAC's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

77. WAC's acts have been and are being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with busSTRUT Corp. and the **busSTRUT** Trademarks and have damaged and impaired that part of busSTRUT Corp.'s goodwill symbolized by the **busSTRUT** Trademarks to busSTRUT Corp.'s immediate and irreparable harm.

78. WAC's use of its Infringing Marks constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79. As a direct and proximate result of WAC's acts of unfair competition, busSTRUT Corp. is entitled to recover WAC's profits pursuant to 15 U.S.C. § 1117(a)(1).

80.     WAC's violations of 15 U.S.C. § 1125(a) are intentional and willful, and entitle busSTRUT Corp. to recover from WAC three times the amount of WAC's profits awarded pursuant to 15 U.S.C. § 1117(a)(1).

81.     This is an exceptional case entitling busSTRUT Corp. to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

82.     WAC's acts of unfair competition also have caused damage to busSTRUT Corp.'s business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the busSTRUT Trademarks for which there is no adequate remedy at law. Accordingly, busSTRUT Corp. is entitled to preliminary and permanent injunctive relief prohibiting WAC from using the Infringing Marks.

### COUNT IV
### Violation of Ohio's Deceptive Trade Practices Act

83.     BusSTRUT Corp. incorporates the allegations set forth above as if fully rewritten herein.

84.     By using in commerce marks that are confusingly similar to the **busSTRUT** Trademarks, as well as the other actions described herein, WAC is engaging in deceptive trade practices in violation of Ohio's Deceptive Trade Practices Act as set forth in Ohio Revised Code §§ 4165.01 through 4165.04. Among other things, WAC is:  passing off goods as those of another; causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of WAC's products; causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with, or certification of WAC's products; representing that WAC's products have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; and

representing that WAC's products are of a particular standard, quality, or grade, when this is not true.

85.     WAC willfully engaged in these unfair trade practices knowing them to be deceptive.

86.     WAC's deceptive trade practices has damaged busSTRUT Corp. and has caused damage to busSTRUT Corp.'s business reputation and goodwill, and unless restrained and enjoined, will continue to irreparably impair the value of the **busSTRUT** Trademarks for which there is no adequate remedy at law. Accordingly, busSTRUT Corp. is entitled to preliminary and permanent injunctive relief prohibiting WAC from using the Infringing Marks.

### COUNT V
### Common Law Unfair Competition

87.     BusSTRUT Corp. incorporates the allegations set forth above as if fully rewritten herein.

88.     By using in commerce marks that are confusingly similar to the **busSTRUT** Trademarks, WAC has passed off goods as those of busSTRUT Corp.

89.     WAC's conduct has been intentional and undertaken for the purpose of deceiving customers that its goods are those of busSTRUT Corp. WAC has acted with full knowledge of the deceptiveness of its conduct and harm to busSTRUT Corp.'s business.

90.     WAC's conduct constitutes unfair competition under the common law of the State of Ohio.

91.     WAC's acts of unfair competition have damaged busSTRUT Corp. and is causing busSTRUT Corp. to suffer irreparable harm, for which it has no adequate remedy at law.

92. Unless and until WAC is enjoined, WAC will continue to compete unfairly against busSTRUT Corp. and cause irreparable harm to busSTRUT Corp.

## PRAYER FOR RELIEF

**WHEREFORE**, busSTRUT Corp. demands judgment in its favor and against WAC as follows:

A. Preliminary and permanent injunctive relief, including but not limited to an injunction prohibiting WAC from using the Infringing Marks and any other marks that are confusingly similar to or otherwise infringe the **busSTRUT** Trademarks;

B. An Order directing WAC to destroy all of its products, packaging, labels, tags, molds, advertising, promotional materials, and other materials in its possession, custody or control that bear the Infringing Marks or any other marks that are confusingly similar to or otherwise infringe the **busSTRUT** Trademarks;

C. WAC's profits derived by WAC from the sale or distribution of its infringing products pursuant to 15 U.S.C. § 1117(a)(1);

D. Three times the amount of WAC's profits awarded pursuant to 15 U.S.C. § 1117(a)(1);

E. Punitive damages;

F. An award of costs and attorneys' fees incurred herein; and

G. Any further relief that the Court may deem just and equitable.

Respectfully submitted,

/s/ Martin J. Miller

Martin J. Miller (0055703)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone:  (513) 369-4250
Facsimile:   (513) 421-0991
Email:  mmiller@porterwright.com

Ryan P. Sherman (0075081)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2900-3200
Columbus, Ohio 43215
Telephone:  (614) 227-2184
Facsimile:   (614) 227-2100
Email:  rsherman@porterwright.com

*Attorneys for Plaintiff Architectural busSTRUT
Corporation*

## **DEMAND FOR JURY TRIAL**

BusSTRUT Corp. hereby requests a trial by jury on all issues triable to a jury.

/s/ Martin J. Miller

Martin J. Miller (0055703)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4250
Facsimile: (513) 421-0991
E-mail: mmiller@porterwright.com

Ryan P. Sherman (0075081)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2900-3200
Columbus, Ohio 43215
Telephone: (614) 227-2184
Facsimile: (614) 227-2100
Email: rsherman@porterwright.com

*Attorneys for Plaintiff Architectural busSTRUT Corporation*

21840784v5