IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Architectural busSTRUT Corp.,** *Plaintiff,* v. **Wangs Alliance Corporation d/b/a WAC Lighting Co.,** *Defendant.* | Civil Action No.: 2:23-cv-00391-MHW-KAJ  JURY TRIAL DEMANDED |

## ANSWER TO THE COMPLAINT AND COUNTERCLAIM

Defendant Wangs Alliance Corporation d/b/a WAC Lighting Co. ("WAC"), by and through its attorneys, files this Answer to the Complaint submitted by Plaintiff Architectural busSTRUT Corporation ("ABC") on January 24, 2023 (Dkt. No. 1) ("Complaint").

1. WAC admits that ABC has brought an action against WAC alleging infringement of ABC's trademark rights under federal and state laws and seeking damages and permanent injunctive relief against WAC. WAC denies that it committed any alleged unlawful acts. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations concerning registration and use of its mark, and therefore denies them. WAC denies the rest of ABC's allegations in Paragraph 1 of the Complaint.

2. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. WAC admits that it is a corporation organized under the laws of the State of New York with its principal place of business in Port Washington, New York. WAC admits that it markets, sells, and distributes products in Ohio and throughout the United States as well as on its website at www.waclingting.com. WAC denies the rest of ABC's allegations in Paragraph 3 of the Complaint.

1

4. The allegations in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required.

5. WAC admits that it transacts business in Ohio by marketing and distributing its products in Ohio. WAC denies that it has caused any injury in Ohio by its acts in and outside of Ohio. The rest of the allegations in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required.

6. The allegations in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required.

7. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 7 of the Complaint, and therefore denies them.

8. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 9 of the Complaint, and therefore denies them.

10. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 10 of the Complaint, and therefore denies them.

11. WAC admits that ABC has attached to the Complaint an Exhibit 1 alleged to be a copy of a trademark registration. WAC lacks sufficient knowledge or information to form a belief about the truth of the rest of ABC's allegations in Paragraph 11 of the Complaint, and therefore denies them.

12. To the extent ABC's allegations in Paragraph 12 of the Complaint constitute conclusions of law, no response is required. WAC otherwise denies ABC's allegations in Paragraph 12 of the Complaint.

13. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 13 of the Complaint, and therefore denies them.

14. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 14 of the Complaint, and therefore denies them.

15. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 15 of the Complaint, and therefore denies them.

16. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 16 of the Complaint, and therefore denies them.

17. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 17 of the Complaint, and therefore denies them.

18. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 18 of the Complaint, and therefore denies them.

19. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. WAC denies ABC's allegations in Paragraph 22 of the Complaint.

23. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 23 of the Complaint, and therefore denies them.

24. WAC admits ABC's allegations in Paragraph 24 of the Complaint.

25. WAC denies ABC's allegations in Paragraph 25 of the Complaint.

26. WAC admits that it has marketed, sold, and distributed products in Ohio and throughout the United States, including with the stylized form shown below. WAC denies the rest of ABC's allegations in Paragraph 26 of the Complaint.

31961523.1



27. WAC denies ABC's allegations in Paragraph 27 of the Complaint.

28. WAC denies ABC's allegations in Paragraph 28 of the Complaint.

29. WAC admits that on May 12, 2020, it filed an application with the USPTO seeking to register the mark "STRUT" for lighting fixtures; LED (light emitting diode) lighting fixtures. WAC admits that on or about July 29, 2020, the USPTO issued an office action and respectfully refers to it for a full recitation of its contents. WAC denies the rest of ABC's allegations in Paragraph 29 of the Complaint.

30. WAC admits that on or about February 18, 2021, the USPTO issued a final office action and respectfully refers to it for a full recitation of its contents. WAC admits that it did not appeal this final office action. WAC denies the rest of ABC's allegations in Paragraph 29 of the Complaint.

31. WAC denies ABC's allegations in Paragraph 31 of the Complaint.

32. WAC admits that it advertises lighting fixtures and track lighting systems through its website. WAC denies the rest of ABC's allegations in Paragraph 32 of the Complaint.

33. WAC denies ABC's allegations in Paragraph 33 of the Complaint.

34. WAC denies ABC's allegations in Paragraph 34 of the Complaint.

35. WAC denies ABC's allegations in Paragraph 35 of the Complaint.

36. WAC denies ABC's allegations in Paragraph 36 of the Complaint.

37. WAC denies ABC's allegations in Paragraph 37 of the Complaint.

31961523.1

38. WAC admits that it sells products under its WAC, WAC LIMITED and WAC LANDSCAPE marks. WAC denies the rest of ABC's allegations in Paragraph 38 of the Complaint.

39. WAC admits that its 2023 catalog is available on its website, waclighting.com. WAC admits that the images represented in Paragraph 39 of the Complaint appear to have been copied from this catalog. WAC denies the rest of ABC's allegations in Paragraph 39 of the Complaint.

40. WAC admits that the quoted text recited in Paragraph 40 of the Complaint appears in the 2023 catalog, but the Complaint cherry-picks excerpts and does not put the excerpts into their proper context. WAC denies the rest of ABC's allegations in Paragraph 40 of the Complaint.

41. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 41 of the Complaint, and therefore denies them.

42. WAC admits that some of its products include track lighting systems and metal channels having conductors for supplying electricity to light fixtures mounted thereto, which are referred to as busways. The rest of ABC's allegations in Paragraph 42 of the Complaint constitute conclusions of law and do not require a response. To the extent the rest of ABC's allegations in Paragraph 42 of the Complaint include any factual allegations, WAC denies them.

43. The allegations in Paragraph 43 of the Complaint constitute conclusions of law and do not require a response. To the extent ABC's allegations in Paragraph 43 of the Complaint include any factual allegations, WAC denies them.

44. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 44 of the Complaint, and therefore denies them.

45. WAC denies ABC's allegations in Paragraph 45 of the Complaint.

46. WAC denies ABC's allegations in Paragraph 46 of the Complaint.

47. ABC's allegations in Paragraph 47 of the Complaint constitute conclusions of law and do not require a response. To the extent ABC's allegations in Paragraph 47 of the Complaint include any

factual allegations, WAC lacks sufficient knowledge or information to form a belief about the truth of those allegations, and therefore denies them.

48. WAC incorporates by reference herein its responses in the foregoing paragraphs and preamble.

49. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 49 of the Complaint, and therefore denies them.

50. WAC denies ABC's allegations in Paragraph 50 of the Complaint.

51. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 51 of the Complaint regarding ABC's actions and therefore denies them. WAC denies the rest of ABC's allegations in Paragraph 51 of the Complaint.

52. WAC denies ABC's allegations in Paragraph 52 of the Complaint.

53. WAC denies ABC's allegations in Paragraph 53 of the Complaint.

54. WAC denies ABC's allegations in Paragraph 54 of the Complaint.

55. WAC denies ABC's allegations in Paragraph 55 of the Complaint.

56. WAC denies ABC's allegations in Paragraph 56 of the Complaint.

57. WAC denies ABC's allegations in Paragraph 57 of the Complaint.

58. WAC denies ABC's allegations in Paragraph 58 of the Complaint.

59. WAC denies ABC's allegations in Paragraph 59 of the Complaint.

60. WAC incorporates by reference herein its responses in the foregoing paragraphs and preamble.

61. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 61 of the Complaint, and therefore denies them.

62. WAC denies ABC's allegations in Paragraph 62 of the Complaint.

63. WAC denies ABC's allegations in Paragraph 63 of the Complaint.

64. WAC denies ABC's allegations in Paragraph 64 of the Complaint.

65. WAC denies ABC's allegations in Paragraph 65 of the Complaint.

66. WAC denies ABC's allegations in Paragraph 66 of the Complaint.

67. WAC denies ABC's allegations in Paragraph 67 of the Complaint.

68. WAC denies ABC's allegations in Paragraph 68 of the Complaint.

69. WAC denies ABC's allegations in Paragraph 69 of the Complaint.

70. WAC denies ABC's allegations in Paragraph 70 of the Complaint.

71. WAC denies ABC's allegations in Paragraph 71 of the Complaint.

72. WAC incorporates by reference herein its responses in the foregoing paragraphs and preamble.

73. WAC denies ABC's allegations in Paragraph 73 of the Complaint.

74. WAC lacks sufficient knowledge or information to form a belief about the truth of ABC's allegations in Paragraph 74 of the Complaint regarding ABC's actions therefore denies them. WAC denies the rest of ABC's allegations in Paragraph 74 of the Complaint.

75. WAC denies ABC's allegations in Paragraph 75 of the Complaint.

76. WAC denies ABC's allegations in Paragraph 76 of the Complaint.

77. WAC denies ABC's allegations in Paragraph 77 of the Complaint.

78. WAC denies ABC's allegations in Paragraph 78 of the Complaint.

79. WAC denies ABC's allegations in Paragraph 79 of the Complaint.

80. WAC denies ABC's allegations in Paragraph 80 of the Complaint.

81. WAC denies ABC's allegations in Paragraph 81 of the Complaint.

82. WAC denies ABC's allegations in Paragraph 82 of the Complaint.

83. WAC incorporates by reference herein its responses in the foregoing paragraphs and preamble.

84. WAC denies ABC's allegations in Paragraph 84 of the Complaint.

85. WAC denies ABC's allegations in Paragraph 85 of the Complaint.

86. WAC denies ABC's allegations in Paragraph 86 of the Complaint.

87. WAC incorporates by reference herein its responses in the foregoing paragraphs and preamble.

88. WAC denies ABC's allegations in Paragraph 88 of the Complaint.

89. WAC denies ABC's allegations in Paragraph 89 of the Complaint.

90. WAC denies ABC's allegations in Paragraph 90 of the Complaint.

91. WAC denies ABC's allegations in Paragraph 91 of the Complaint.

92. WAC denies ABC's allegations in Paragraph 92 of the Complaint.

93. WAC denies that ABC is entitled to any relief sought in the PRAYER FOR RELIEF set forth in the Complaint.

## GENERAL DENIAL

94. WAC denies each and every allegation, matter or thing contained in the Complaint, express or implied, not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE (Failure to State a Claim)

95. The Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE (Mark Descriptiveness and Functionality)

96. ABC's asserted trademarks are functional and descriptive and have not acquired distinctive meaning.

### THIRD DEFENSE (Non-Infringement)

97. WAC has not infringed any of ABC's asserted trademarks.

### FOURTH DEFENSE (No Dilution)

98. WAC has not diluted any of ABC's asserted trademarks.

### FIFTH DEFENSE (Laches, Estoppel, Acquiescence)

99. ABC's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or acquiescence.

### SIXTH DEFENSE (Limitation on Damage)

100. ABC did not suffer any damages and, to the extent it did, it failed to mitigate damages.

101. Some or all of ABC's alleged damages are speculative, uncertain and not recoverable.

102. ABC's alleged damages are also limited by 15 U.S.C. § 1111.

### SEVENTH DEFENSE (No Causation)

103. ABC's claims are barred because ABC's damages, if any, were not caused by WAC.

### EIGHTH DEFENSE (Innocent Infringement)

104. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent because WAC did not adopt the asserted marks in bad faith or with deceptive intent, and because WAC's use of the marks at issue, if any, was not willful.

### NINTH DEFENSE (No Irreparable Harm)

105. The claims made in the Complaint are barred, in whole or in part, because ABC has suffered no irreparable harm.

### ADDITIONAL DEFENSES

106. WAC reserves all other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses at law or in equity that may exist now or in the future based on discovery and further factual investigation in this case.

31961523.1

## <u>COUNTERCLAIM</u>

Defendant and Counterclaim Plaintiff Wangs Alliance Corporation d/b/a WAC Lighting Co. ("WAC"), by and through its attorneys, asserts the following counterclaim against Plaintiff and Counterclaim Defendant Architectural busSTRUT Corporation ("ABC").

### Nature of Counterclaim

1. This counterclaim is for declaratory judgment that ABC's trademark registration should be canceled because it is functional and descriptive and has not acquired distinctive meaning.

### The Parties

2. WAC is a corporation organized under the laws of the State of New York with its principal place of business in Port Washington, New York.

3. On information and belief and as alleged by Counterclaim Defendant, ABC is a corporation organized under the laws of the State of Delaware, with its corporate headquarters in Columbus, Ohio.

4. Counterclaim Defendant is the entity that filed the Complaint in this action on or about January 24, 2023.

### Jurisdiction and Venue

5. This counterclaim arises under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 15 U.S.C. § 1121.

7. Counterclaim Defendant has availed itself of this forum in this action and is therefore subject to personal jurisdiction in this district.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 and as a result of Counterclaim Defendant's choice of forum in filing this action.

## Count I

### Declaratory Judgment to Cancel Plaintiff's Registration on the Grounds it is Functional and Descriptive and Has Not Acquired Distinctive Meaning

9. WAC realleges and incorporates by reference paragraphs 1 through 8 of this counterclaim as if fully set forth herein.

10. ABC has alleged in this action that WAC has violated ABC's busSTRUT trademarks, including U.S. Federal Trademark Registration No. 5,906,459 on the word mark busSTRUT and ABC's alleged common law trademark comprising a stylized version of busSTRUT ("ABC's asserted trademarks").

11. ABC's asserted trademarks are functional and descriptive and have not acquired distinctive meaning.

12. There is an actual, immediate, and justiciable controversy between the parties.

13. WAC is entitled to a declaration by the Court that ABC's asserted trademarks should be canceled.

14. WAC is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Count II

### Declaratory Judgment of Exceptional and Groundless Case

15. WAC realleges and incorporates by reference paragraphs 1 through 14 of this counterclaim as if fully set forth herein.

16. In its Complaint, ABC asserts that WAC has violated ABC's asserted trademarks.

17. There are fatal flaws with the ABC's claims.

31961523.1

18. Should ABC continue to pursue the baseless allegations in its Complaint, its conduct in this litigation should be deemed groundless, unreasonable, frivolous, and vexatious.

19. WAC is entitled to a declaration by the Court of exceptional case and groundless case and an award of attorneys' fees and costs for having to defend such a lawsuit.

20. WAC is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## Prayer for Relief

WHEREFORE, WAC prays that the Court enter judgment ordering as follows:

(a) adjudicating and declaring ABC's asserted trademarks are functional and descriptive and have not acquired distinctive meaning;

(b) canceling ABC's asserted trademarks;

(c) if the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285 or 15 U.S.C. § 1117(a) or that ABC knew the action to be groundless within the meaning of Section 4165.03 of the Ohio Revised Code, awarding WAC reasonable attorney fees and costs reasonably incurred in prosecuting this action; and

(d) granting WAC such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

WAC respectfully requests a trial by jury on all issues so triable.

DATE: April 26, 2023

Respectfully submitted,

*s/ David B. Cupar*
David B. Cupar (0071622)
McDonald Hopkins
600 Superior Ave. East, Ste. 2100
Cleveland, OH 44114
Tel: 216-348-5400

13

Fax: 216-348-5474	dcupar@mcdonaldhopkins.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, the foregoing *Answer to Complaint and Counterclaim* was filed with the Court's electronic filing system and will be served upon all parties via the Court's electronic filing system.

*s/ David B. Cupar*
David B. Cupar (0071622)

*Attorney for Defendant*

31961523.1