# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL BUSSTRUT CORP. ) | |
| ) | Civil Action No. 2:23cv391 |
| Plaintiff, ) | |
| ) | Judge Michael H. Watson |
| v. ) | |
| ) | Magistrate Judge Kimberly A. Jolson |
| WANGS ALLIANCE CORP. dba WAC ) | |
| LIGHTING CO. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF ARCHITECTURAL BUSSTRUT CORP.'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Architectural busSTRUT Corporation ("busSTRUT Corp." or "Plaintiff") moves to dismiss the counterclaims filed by Defendant Wangs Alliance Corporation ("WAC" or "Defendant"). As set forth in the attached memorandum in support of this motion, Defendant has failed to plead facts sufficient to render these counterclaims plausible, and therefore the counterclaims fail to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Martin J. Miller*

Martin J. Miller (0055703)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone:  (513) 369-4250
Facsimile:   (513) 421-0991
Email:  mmiller@porterwright.com
*Attorneys for Plaintiff Architectural busSTRUT Corporation*

**PLAINTIFF ARCHITECTURAL BUSSTRUT CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

I.  FACTS

Plaintiff Architectural busSTRUT Corporation is a family-owned, Columbus-based business that designs, manufactures, and sells lighting fixtures, electrical busway systems, and related hardware under the federally registered trademark busSTRUT. *Complaint*, ECF No. 1 at PageID 2, 4 (¶¶ 2, 7). busSTRUT Corp. has been selling its products under the busSTRUT mark throughout the United States for more than 16 years. *Id.* at PageID 6 (¶ 15). In approximately fall of 2020, Defendant WAC, a busSTRUT Corp. competitor, began selling lighting fixtures and related hardware under the brand "STRUT." *Id.* at PageID 2 (¶ 3). That same year, the U.S. Patent and Trademark Office ("USPTO") rejected WAC's application to register the mark STRUT due to a likelihood of confusion with Plaintiff's registered busSTRUT mark. *Id.* at PageID 10 (¶ 29). Despite this, WAC continued using the STRUT mark. *Id.* at PageID 10 (¶ 30). busSTRUT Corp. learned of the infringement and, after WAC refused to stop using the "STRUT" brand, busSTRUT Corp. was forced to file the present action for trademark infringement, unfair competition, and violation of Ohio's Deceptive Trade Practices Act. *Id.* at PageID 17-24 (¶¶ 48-92). busSTRUT Corp. filed its complaint on January 24, 2023.

WAC filed its answer to the complaint—along with two counterclaims—92 days later, on April 26, 2023. *Answer*, ECF No. 10. WAC's first counterclaim seeks a declaratory judgment cancelling busSTRUT Corp.'s federal trademark registration for the mark busSTRUT trademark and "cancelling" busSTRUT Corp.'s common law trademark rights in its busSTRUT Logo depicted below, asserting that the "asserted trademarks are functional and descriptive and have not acquired distinctive meaning." *Id.* at PageID 52.

busSTRUT

WAC's second counterclaim seeks a declaratory judgment that this case is exceptional and groundless, thus entitling WAC to an award of attorneys' fees and costs. Id. at PageID 12-13. But WAC fails to plead facts sufficient to render these counterclaims plausible. In fact, WAC has pled only a handful of procedural facts—alleging only the basis for jurisdiction and venue (*Id.* at PageID 51 (¶¶ 2-8)) and the nature of WAC's first counterclaim (*Id.* (¶ 1)). WAC has not pled a single substantive fact in support of its counterclaims. As such, it has failed to satisfy the familiar *Twombly / Iqbal* test, and its counterclaims should be dismissed.

**II.     ARGUMENT**

"A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashley Furniture Indus. v. Am. Signature, Inc.*, No. 2:11-cv-427, 2015 U.S. Dist. LEXIS 194690, at *7 (S.D. Ohio Mar. 12, 2015), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim 'has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Baker v. Swift Transp. Co. of Ariz., LLC*, No. 2:17-cv-909, 2018 U.S. Dist. LEXIS 75961, at *4 (S.D. Ohio May 4, 2018), *quoting Iqbal*, 556 U.S. at 678 (2009).

A claimant's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Further, those facts must be pled with "sufficient specificity." *Binno v. ABA*, 826 F.3d 338, 345 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). "Under the standard set out in *Iqbal* and *Twombly*, a court accepts as true all factual allegations, but the court does not apply this presumption of truth to conclusory or legal assertions." *Id.* at 345-46 (6th Cir. 2016).

Here, WAC's counterclaims fall woefully short of satisfying these requirements. Indeed, WAC fails to plead *any* facts supporting either of its counterclaims beyond. Therefore, both should be dismissed.

**1. <u>WAC Has Not Plead Any Facts Supporting Its Counterclaim for Trademark Cancellation.</u>**

WAC's first counterclaim seeks a declaratory judgment cancelling <u>both</u> (i) busSTRUT Corp.'s federal trademark registration for the mark busSTRUT trademark and (ii) busSTRUT Corp.'s common law trademark rights in its busSTRUT Logo. WAC's counterclaim contains only a single sentence supposedly supporting this claim for cancellation. That sentence alleges that busSTRUT Corp.'s "asserted trademarks are functional and descriptive and have not acquired distinctive meaning." *Answer*, ECF No. 10 at PageID 51 and 52 (¶¶ 1, 11). But such "labels and conclusions . . . will not do." *Twombly*, 550 U.S. at 555. That is, they are insufficient to survive a motion to dismiss.

WAC wholly fails to plead, for example, a single fact showing or suggesting how or why the federally registered busSTRUT word mark is both functional and descriptive, or the factual basis for WAC's assertion that this mark has not acquired distinctive meaning (also referred to as acquired distinctiveness or secondary meaning). Plaintiff's federal trademark registration carries with it a statutory presumption of validity. 15 U.S.C. § 1057. Defendant has plead no facts that call into question this presumption other than the conclusory statement that the mark is both functional and descriptive, without having acquired distinctive meaning.

4

The second portion of WAC's first counterclaim, seeking the "cancellation" of busSTRUT Corp.'s common law trademark rights in its busSTRUT Logo, serves to magnify the flawed and deficient nature of its counterclaim pleading. Common law trademark rights are not "cancelled," and even "the cancellation of a trademark registration does not extinguish common law rights that registration did not create." *Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 819 (1st Cir. 1987).

Accordingly, WAC's first counterclaim should be dismissed.

### 2. **WAC Does Not Plead Any Facts Supporting Its "Exceptional and Groundless" Counterclaim.**

Next, WAC purports to plead a counterclaim for a declaratory judgment declaring this an "exceptional case and groundless case." *Answer*, ECF No. 10 at PageID 52-53. Here, too, WAC fails to allege a single fact in support of this counterclaim, let alone facts sufficient to render the claim plausible and thus survive a motion to dismiss. "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, *quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986).

WAC merely alleges that "there are fatal flaws" with busSTRUT Corp.'s claims, and that, "should [Plaintiff] continue to pursue the baseless allegations in its Complaint, its conduct in this litigation should be deemed groundless, unreasonable, frivolous, and vexatious." *Id.* at PageID 53 (¶ 18) (emphasis added). But here too "labels and conclusions . . . will not do." *Twombly*, 550 U.S. at 555. Yet that is all WAC has to offer. It fails to plead any facts showing how or why busSTRUT Corp.'s claims have "fatal flaws" or how busSTRUT Corp.'s "conduct in this litigation [is] groundless, unreasonable, frivolous, and vexatious." Even worse, WAC's prayer for relief suggests that WAC itself is not aware of any facts that would support its second counterclaim ("if the facts demonstrate that the case is exceptional…"). *Id.* at PageID 53 (emphasis added).

5

"An 'exceptional' case is one where a plaintiff brings a suit that could fairly be described as 'oppressive.'" *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728 (6th Cir. 2004) (internal citations omitted). However, WAC does not level a single factual allegation that would allow one to plausibly infer "oppression" in this case. "[W]here a plaintiff sues under a colorable, yet ultimately losing, argument," a case is not exceptional for § 1117(a) purposes. *Id.* (internal citations omitted). Yet WAC does not allege a single fact showing busSTRUT Corp.'s assertions are not colorable.

Ironically, then, it is WAC's "exceptional and groundless" counterclaim that is itself groundless. It too should be dismissed.

### III. CONCLUSION

For these reasons, Plaintiff Architectural busSTRUT Corporation respectfully asks the Court to dismiss WAC's unsupported counterclaims.

Dated: May 17, 2023

Respectfully submitted,

/s/ Martin J. Miller

Martin J. Miller (0055703)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: (513) 369-4250
Facsimile: (513) 421-0991
Email: mmiller@porterwright.com
*Attorneys for Plaintiff Architectural busSTRUT Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2023, a copy of the foregoing Plaintiff Architectural busSTRUT Corp.'s Motion to Dismiss Defendant's Counterclaims was served by electronic mail on counsel of record in this action.

>David B. Cupar
>McDonald Hopkins LLC
>600 Superior Avenue East, Suite 2100
>Cleveland, Ohio 44114
>Telephone: (216) 348-5400
>Email: dcupar@mcdonaldhopkins.com
>
>Deirdre M. Wells
>Sterne, Kessler, Goldstein & Fox P.L.L.C.
>1100 New York Avenue, NW
>Washington, DC 2005
>Telephone: (202) 772-8985
>Email: dwells@sternekessler.com
>
>*Attorneys for Defendant*
>*Wangs Alliance Corp. d/b/a WAC Lighting Co.*

>>*/s/ Martin J. Miller*
>>Martin J. Miller

22489109v1