IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Architectural busSTRUT Corp. | ) |
|           Plaintiff, | ) Civil Action No. 2:23cv391 |
| v. | ) Judge Michael H. Watson |
| | ) Magistrate Judge Kimberly A. Jolson |
| WANGS ALLIANCE CORP. dba WAC LIGHTING CO. | ) |
|           Defendant. | ) |

**PLAINTIFF ARCHITECTURAL BUSSTRUT CORP.'S ANSWER TO DEFENDANT WANGS ALLIANCE CORPORATION'S AMENDED COUNTERCLAIMS**

For its answer to Defendant Wangs Alliance Corporation's ("WAC" or "Defendant") Amended Counterclaims, Plaintiff Architectural busSTRUT Corporation ("busSTRUT Corp." or "Plaintiff") admits, avers and denies as follows:

1. busSTRUT Corp. admits that WAC has brought a counterclaim for declaratory judgment canceling busSTRUT Corp.'s trademark registration and that WAC further alleges this is an "exceptional case" entitling WAC to attorneys' fees. busSTRUT Corp. denies that these claims have merit. Except as specifically admitted, busSTRUT Corp. denies each and every allegation set forth in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Paragraph 5 sets forth legal conclusions to which no response is required.

6. Paragraph 6 sets forth legal conclusions to which no response is required.

1

7. busSTRUT Corp. admits that it filed this action in this forum. The remainder of Paragraph 7 sets forth legal conclusions to which no response is required.

8. busSTRUT Corp. admits that it filed this action in this forum. The remainder of Paragraph 7 sets forth legal conclusions to which no response is required.

9. busSTRUT Corp. admits that it designs, develops, manufactures, markets, and sells, among other things, premium quality lighting fixtures, electrical connectors, electrical busways, mounting hardware in the nature of mounts specifically adapted for electrical busways, and other hardware related thereto.

10. Admitted.

11. In response to paragraph 11, busSTRUT Corp. admits that its application to register its **busSTRUT** Word Mark was initially refused because the examining attorney believed the mark was merely descriptive of the identified goods. busSTRUT Corp. denies the remaining allegations in paragraph 11 as they mischaracterize the examining attorney's statements.

12. In response to paragraph 12, busSTRUT Corp. admits that its **busSTRUT** Word Mark was registered on the Principal Register after busSTRUT Corp. asserted a claim of acquired distinctiveness and the examining attorney agreed that busSTRUT Corp. had shown the mark had acquired distinctiveness. busSTRUT Corp. further admits that declarations from Greg Gellert and three third parties were submitted in support of the claim of acquired distinctiveness. busSTRUT Corp. denies the remaining allegations in paragraph 12.

13. In response to paragraph 13, busSTRUT Corp. admits that Exhibit 1 purports to be a screenshot of the definition of "bus bar" from the Internet website https://www.merriam-webster.com/dictionary/bus%20barMerriam-Webster, and the text quoted in paragraph 13 appears

on this website. To the extent a further response is required, busSTRUT Corp. denies any remaining allegations.

14. In response to paragraph 14, busSTRUT Corp. admits that Exhibit 2 purports to be a screenshot of the Internet website https://electrical-engineering-portal.com/siemens-busway-purpose-and-definition, which purports to include the NEMA definition of the term "busway," and paragraph 14 includes a restatement of this purported definition. To the extent a further response is required, busSTRUT Corp. denies any remaining allegations.

15. Denied.

16. In response to paragraph 16, busSTRUT Corp. admits that this paragraph lists several alleged third party trademark registrations for marks that include "BUS" as part of the mark registered for electrical systems and components (as well as other goods). However, WAC has cherry-picked a small number of registrations, none of which have any bearing on the validity of busSTRUT Corp.'s asserted trademarks. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 16 and therefore denies the same.

17. In response to paragraph 17, busSTRUT Corp. admits that WAC attached Exhibits 3-11 alleged to be status copies of third party trademark registrations. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 17 and therefore denies the same.

18. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 18 and therefore denies the same

19. In response to paragraph 19, busSTRUT Corp. admits that Exhibit 12 purports to be a screenshot of the definition of "strut" from the Internet website https://www.merriam-

webster.com/dictionary/strut, and the text quoted in paragraph 19 appears on this website as one of several purported definitions of the word "strut." To the extent a further response is required, busSTRUT Corp. denies the remaining allegations.

20. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22 and therefore denies the same.

21. In response to paragraph 21, busSTRUT Corp. admits that this paragraph lists several alleged third party trademark registrations for marks that include "STRUT" as part of the mark registered for various goods. However, WAC has cherry-picked a small number of registrations, none of which have any bearing on the validity of busSTRUT Corp.'s asserted trademarks. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21 and therefore denies the same

22. In response to paragraph 22, busSTRUT Corp. admits that WAC attached Exhibits 3-11 alleged to be status copies of third party trademark registrations. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 22 and therefore denies the same.

23. busSTRUT Corp. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 23 and therefore denies the same.

24. In response to paragraph 24, busSTRUT Corp. admits that the terms "bus" and "STRUT," in stylized form, are used on its website in promoting certain products, and that paragraph 24 reproduces one graphic from busSTRUT Corp.'s website, taken out of context. To the extent a further response is required, busSTRUT Corp. denies any remaining allegations, including the implication that the **busSTRUT** Word Mark and the **busSTRUT** Logo are merely descriptive and lack acquired distinctiveness.

25. In response to paragraph 25, busSTRUT Corp. admits that the terms "bus" and "strut" are used in busSTRUT Corp.'s U.S. Patent No. 10,461,483, and that "strut" is used in reference to a "strut assembly" identified as element 100. However, such uses are taken out of context in paragraph 25. To the extent a further response is required, busSTRUT Corp. denies any remaining allegations, including the implication that the **busSTRUT** Word Mark and the **busSTRUT** Logo are merely descriptive and lack acquired distinctiveness.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted

30. Admitted.

31. In response to paragraph 31, busSTRUT Corp. admits that WAC's outside counsel sent a letter to Mr. Kern on March 16, 2021, alleging that WAC found Mr. Kern's "position to be incongruent with the prosecution history and basis for registration" of busSTRUT Corp.'s **busSTRUT** Word Mark. To the extent a further response is required, busSTRUT Corp. denies the assertions made in that letter.

32. In response to paragraph 32, busSTRUT Corp. admits that the March 16, 2021 letter from WAC's outside counsel made various assertions regarding busSTRUT Corp.'s **busSTRUT** Word Mark and its infringement allegations. To the extent a further response is required, busSTRUT Corp. denies the assertions made in that letter.

33. In response to paragraph 33, busSTRUT Corp. admits that the March 16, 2021 letter from WAC's outside counsel made various assertions regarding busSTRUT Corp.'s **busSTRUT**

Word Mark and its infringement allegations. To the extent a further response is required, busSTRUT Corp. denies the assertions made in that letter.

34. Admitted.

35. In response to paragraph 35, busSTRUT Corp. admits that its outside counsel responded to WAC's counsel on March 29, 2021. busSTRUT Corp. denies the characterizations of the letter in paragraph 35.

36. Denied for lack of knowledge.

37. In response to paragraph 37, busSTRUT Corp. admits that counsel for WAC sent an email to outside counsel for busSTRUT Corp. requesting a phone call. busSTRUT Corp. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 37 and therefore denies the same.

38. Denied for lack of knowledge.

39. busSTRUT Corp. admits that Mr. Kern spoke with counsel for WAC on or before May 14, 2021. busSTRUT Corp. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 39 and therefore denies the same.

40. Denied for lack of knowledge.

41. Denied for lack of knowledge.

42. Denied for lack of knowledge.

43. Denied for lack of knowledge.

44. Denied for lack of knowledge.

45. Denied for lack of knowledge.

46. Denied for lack of knowledge.

47. busSTRUT Corp. admits that it did not continue to communicate with WAC regarding its concerns over WAC's use of the name STRUT after May of 2021 until the complaint was filed, but at no point did busSTRUT Corp. represent to WAC that it no longer had issues or concerns regarding WAC's use of the name STRUT. busSTRUT Corp. lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 47 and therefore denies the same.

48. Denied.

49. Denied.

50. Denied for lack of knowledge.

51. In response to paragraph 51, busSTRUT Corp. admits that Greg Gellert called WAC around April of 2021. busSTRUT Corp. denies that Mr. Gellert "hassled" or "harassed" a WAC representative on that call. WAC lacks sufficient knowledge or information to form a belief about the truth of the specific purported quotes from that phone call in paragraph 47 and therefore denies the same.

52. Denied for lack of knowledge.

53. Admitted

54. It is not clear what contact is referred to in paragraph 54. As stated in response to paragraph 51, busSTRUT Corp. admits that Greg Gellert called WAC around April of 2021. To the extent that paragraph 54 is referring to any other alleged contact by Greg Gellert in that approximate time period, busSTRUT Corp. lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 54 and therefore denies the same.

55. Denied.

56. busSTRUT Corp. admits that WAC hosted a booth at the Lightfair 2023 trade show in New York City. busSTRUT Corp. further admits that one of its employees engaged in, and recorded, a conversation with a person working at said booth. busSTRUT Corp. admits that its employee informed WAC's representative of the instant action. busSTRUT Corp. denies for lack of knowledge WAC's various allegations concerning its employee's "realiz[ations]," perceptions, "knowledge," and "consent." busSTRUT Corp. denies that the busSTRUT Corp. employee "yelled 'GOTCHA.'".

57. In response to paragraph 57, busSTRUT Corp. admits the allegations pertaining to the content of the emails attached to the amended counterclaims as Exhibit 21. busSTRUT Corp. admits that, as of the filing date of the amended counterclaims, its counsel had not yet responded to the requests in those emails. Since then, counsel for busSTRUT Corp. has informed counsel for WAC that, even though busSTRUT Corp. disagrees that the discussion at Lightfair 2023 was inappropriate, Greg Gellert will refrain from any direct contact with WAC. busSTRUT Corp. denies the remaining allegations in paragraph 57.

58. busSTRUT Corp. admits that Greg Gellert attended the May 2023 Lightfair trade show, recorded his conversation with a WAC representative, and took photographs of the WAC booth and the nametag of the WAC representative.

59. busSTRUT Corp. reincorporates by reference all of the above as if fully set forth herein.

60. Admitted.

61. Denied.

62. Admitted.

63. Denied.

64. Denied.

65. busSTRUT Corp. reincorporates by reference all of the above as if fully set for herein.

66. In response to paragraph 60, busSTRUT Corp. admits that its Complaint alleges that WAC has infringed busSTRUT Corp.'s trademarks, as set forth in the Complaint.

67. Denied.

68. Denied as to both premise and assertion.

69. Denied.

70. Denied.

71. Denied for lack of knowledge.

72. Denied as to both premise and assertion.

73. Denied.

74. Denied.

75. Denied.

76. Denied as to both premise and assertion.

77. Denied.

78. Denied.

79. busSTRUT Corp. denies that WAC is entitled to any form of relief. busSTRUT Corp. admits that WAC demands a trial by jury on all issues so triable. Except as affirmatively and explicitly admitted above, busSTRUT Corp. denies each and every allegation set forth in the Amended Counterclaims.

## **PLAINTIFF'S AFFIRMATIVE DEFENSES**

In setting forth the additional defenses listed below, busSTRUT Corp. does not admit that any of those defenses are in the nature of affirmative defenses as to which busSTRUT Corp. bears the burden of proof. Without assuming any burden they would not otherwise bear, busSTRUT Corp. asserts the following additional defenses to the Counterclaims:

### **First Defense**

1. The Counterclaims fail to set forth any claim upon which relief can be granted.

### **Second Defense**

2. The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### **Third Defense**

3. busSTRUT Corp. specifically preserves their right to supplement this list of additional defenses following completion of discovery.

**WHEREFORE**, busSTRUT prays that the counterclaims asserted against them in the Answer to Complaint and Amended Counterclaim be dismissed with prejudice at WAC's cost and that busSTRUT Corp. be awarded its costs herein, including attorneys' fees, and such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

*/s/ Martin J. Miller*

Martin J. Miller (0055703)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone:  (513) 369-4250
Facsimile:   (513) 421-0991
Email:  mmiller@porterwright.com

Ryan P. Sherman (0075081)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2900-3200
Columbus, Ohio 43215
Telephone:  (614) 227-2184
Facsimile:   (614) 227-2100
Email: rsherman@porterwright.com

*Attorneys for Plaintiff Architectural busSTRUT Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2023, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Martin J. Miller*
Martin J. Miller